```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
DAYS INNS WORLDWIDE, INC., formerly                          :
known as DAYS INNS OF AMERICA, INC.,                         :
                                        Plaintiff,           :    13-CV-8941 (JPO)
                                                             :
                    -v-                                      :    OPINION AND ORDER
                                                             :
HOSPITALITY CORPORATION OF THE                               :
CAROLINAS and NALIN PATEL,                                   :
                                        Defendants.          :
                                                             :
-------------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

Plaintiff Days Inns Worldwide, Inc. ("DIW" or "Plaintiff"), formerly known as Days Inns of America, Inc., has moved for a default judgment against Defendants Hospitality Corporation of the Carolinas ("Hospitality Corp.") and Nalin Patel (collectively, "Defendants"). For the reasons that follow, Plaintiff's motion for default judgment is granted. A determination of damages will follow after an inquest.

I.   Background[1]

In late 1993, DIW entered into a license agreement (the "Agreement") with Hospitality Corp., of which Patel is a principal. (Dkt. No. 1 ("Compl.") ¶¶ 3, 7.) The Agreement governed Defendants' operation of a 100-room Days Inn hotel on North Tryon Street in Charlotte, North Carolina for the period from 1993 to 2014.[2] (*Id.* ¶¶ 7-9.) Under the Agreement, Hospitality Corp. was required to (1) make periodic payments to DIW for various fees in connection with

---

[1] The following facts are taken from Plaintiff's complaint, whose allegations are accepted as true for purposes of determining Defendants' liability. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).

[2] The original term, which lasted from December 1993 through December 2008, was extended through December 2014 by an amendment dated December 9, 2008. (Compl. ¶¶ 7-9; Ex. C.)

1

the licensing relationship (referred to herein as "recurring fees"), (2) report to DIW with information regarding its operations and financials; and (3) pay interest for late payment of fees due under the Agreement. (*Id.* ¶¶ 10-13.) As part of the contract, the parties decided that the Agreement would be construed under New York law, and Hospitality Corp. consented to personal jurisdiction in this State and waived objections to venue in this Court. (*Id.* ¶¶ 5-6; Ex. A § 27.)

DIW was permitted to terminate the Agreement if Hospitality Corp. defaulted on its payment or reporting obligations, among other reasons. (*Id.* ¶ 14; Ex. A § 19.) The Agreement set a formula for calculating liquidated damages, capped at $150,000, if the relationship was prematurely terminated due to Hospitality Corp.'s failure to comply with the Agreement's provisions. (*Id.* ¶¶ 15-16; Ex. A §§ 20, 28.) In a guaranty provision, Patel agreed to personally undertake Hospitality Corp.'s obligations under the Agreement in the event of Hospitality Corp.'s default. (*Id.* ¶¶ 17-18; Ex. D.)

By 2010, Hospitality Corp. had begun to fall behind in the payments it owed to DIW under the Agreement. Over the span of more than a year, DIW sent a series of letters informing Hospitality Corp. of the outstanding amounts due and provided a timeframe within which the default could be cured. (*Id.* ¶¶ 20-22; Exs. E, F, G.) Hospitality Corp. failed to pay, and on June 29, 2011, DIW terminated the Agreement and informed Defendants by letter that they owed both the unpaid recurring fees and liquidated damages for causing the early termination of the contract. (*Id.* ¶ 23; Ex. H.)

DIW filed this diversity action on December 17, 2013, and claimed damages arising from Defendants' breach of the Agreement. The complaint seeks almost $186,000 in still-unpaid recurring fees and either $150,000 in liquidated damages or (in the alternative) actual damages for the breach of the Agreement. DIW arranged for both Defendants to be served on February

10, 2014. (Dkt. No. 3.) Defendants failed to respond to the complaint. The Clerk of the Court entered certificates of default as to both Defendants on May 19, 2014 (Dkt. Nos. 5-6), and on July 3, 2014, DIW filed the present motion for default judgment (Dkt. No. 12).

## II. Discussion

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, a defendant who "has failed to plead or otherwise defend" is subject to the entry of a default by the Clerk of the Court. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (citing Fed. R. Civ. P. 55(a)). After the plaintiff has obtained a default, it "must next seek a judgment by default under Rule 55(b)." *Id.* "The decision as to whether to enter a default judgment is left to the sound discretion of a district court." *Parilis v. Ne. Grp., Inc.*, No. 13 Civ. 6108 (NSR), 2014 WL 4700245, at *1 (S.D.N.Y. Sept. 12, 2014) (internal quotation marks omitted); *accord Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999).

The Court has reviewed the filings in this case and concludes that Plaintiff has satisfied the prerequisites to entry of default judgment. Both Defendants were served with process; neither Defendant has answered or otherwise responded to the complaint; and the Clerk of the Court has entered certificates of default against Defendants. Therefore, the Court will consider whether the allegations of the complaint establish Defendants' liability and the damages owed to Plaintiff.

### A. Liability

In determining a defendant's liability after a notice of default is entered, "a court is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Because a party in default does not admit conclusions of law, however, the Court must determine whether those allegations establish a sound legal basis for liability. *Jemine v. Dennis*, 901 F. Supp. 2d 365, 373

(E.D.N.Y. 2012) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)); *accord Finkel*, 577 F.3d at 84 (stating that a district court, prior to entering default judgment, "is . . . required to determine whether [the plaintiff's] allegations establish [the defendant's] liability as a matter of law").

"To make out a breach of contract claim under New York law, a plaintiff must show (1) the existence of a contract between the plaintiff and the defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by the defendant; and (4) damages to the plaintiff caused by the defendant's breach." *Carlone v. Lion & the Bull Films, Inc.*, 861 F. Supp. 2d 312, 318 (S.D.N.Y. 2012) (citing *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011)). "At the pleading stage, a plaintiff alleging breach of contract must, at a minimum, allege the terms of the contract, each element of the alleged breach and the resultant damages in a plain and simple fashion." *Lan Sang v. Ming Hai*, 951 F. Supp. 2d 504, 527 (S.D.N.Y. 2013) (internal quotation marks omitted).

Accepting as true all of the complaint's allegations and drawing all inferences in DIW's favor, DIW has stated a claim for breach of the Agreement. The complaint sets out the terms of the contract; further, the Agreement and its amendments are attached to, and thus incorporated into, the complaint. *See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995). DIW has plausibly alleged that it was damaged by Hospitality Corp.'s failure to meet its payment and reporting obligations pursuant to the Agreement, and that Patel has not met those obligations upon Hospitality Corp.'s default despite his duty to do so as guarantor. The complaint establishes Defendants' liability to DIW.

B. **Damages**

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."

*Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); *see also Au Bon Pain Corp.*, 653 F.2d at 65 (stating that in default judgment proceedings, the Court must accept "as true all of the factual allegations of the complaint, except those relating to damages" (internal quotation marks omitted)).  Thus, to secure a default judgment for damages, a plaintiff must produce evidence sufficient to establish its damages with "reasonable certainty." *Credit Lyonnais Sec.*, 183 F.3d at 154-55 (citing *Transatlantic Marine Claims Agency*, 109 F.3d at 111).

Defendants seek two categories of damages: unpaid recurring fees and liquidated damages for breach of the Agreement.  The factual basis for some of the damages sought, however, is uncertain at this stage.  First, the complaint states that, because of Hospitality Corp.'s failure to meet certain reporting obligations, some of the recurring fees are based on DIW's estimates of Hospitality Corp.'s revenue.  (Compl. ¶¶ 25-27.)  DIW's moving papers do not explain its method for calculating these estimates.  Second, the liquidated damages amount—if it is used to ascertain damages for the breach of the Agreement—is normally calculated based on the sum of the recurring fees accrued during the two years prior to the termination of the contract, as long as that amount is greater than "the product of $2,000.00 multiplied by the number of guest rooms" at the hotel.  (*Id.* Ex. A § 20(a).)  DIW does not make clear which of the calculation methods it used to reach the liquidated damages amount claimed in the complaint; moreover, for the reasons noted above, the complaint's allegations regarding the amount of recurring fees, a possible component of the liquidated damages calculation, may be inexact.  Third, the complaint requests actual damages for the termination of the Agreement if the liquidated damages provision is not applied by the Court.  (*Id.* ¶¶ 35-37.)  Plaintiff has not presented any facts at this stage from which the Court can ascertain the actual damages resulting from the breach.

Thus, because Defendant has not appeared in this case and a more thorough investigation of appropriate damages is warranted, the Court refers this matter to Magistrate Judge Frank Maas for an inquest on damages.

### III.     Conclusion

For the foregoing reasons, it is hereby ORDERED that Plaintiff's motion for default judgment against both Defendants is GRANTED.  The amount of damages will be determined following further proceedings.  The case is hereby referred to the Honorable Frank Maas, United States Magistrate Judge, for an inquest on damages.

The Clerk of the Court is directed to close the motion at docket number 12.

SO ORDERED.

Dated: October 20, 2014
       New York, New York

_____
J. PAUL OETKEN
United States District Judge